THE MORRIS CANAL AND BANKING COMPANY v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON.

The regulation of the Morris Canal Company adopted April 7th, 1873, "that every bridge rebuilt and every new bridge, whether built by the company or by any other authority, over its canal, should leave a clear space of ten feet above high-water mark of the canal under the lowest part of the bridge," is binding on public authorities when the circumstances of the particular case do not render its enforcement unreasonable.

On *certiorari.*

Argued at June Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the prosecutor, *Charles L. Corbin.*

For the defendant, *John Griffin.*

The opinion of the court was delivered by

DIXON, J. The question for decision in this case is, whether the Morris Canal and Banking Company has a right

to insist that a public bridge, to be built over its canal in Pacific avenue, Jersey City (a street laid out since the canal was constructed), shall leave a clear space of ten feet above high-water mark of the canal under the lowest part of the bridge.

By the charter of the company passed December 31st, 1824, and a supplement thereto passed January 26th, 1828, the company was authorized to construct a canal connecting the waters of the Delaware river near Easton with the waters of the Hudson at or near Jersey City, and " to adopt, establish and carry into execution such by-laws, ordinances and regulations as shall by its president and directors be judged necessary or convenient for the said corporation in respect to its canal, * * * provided the same be not contrary to the constitution or laws of the United States or of the State of New Jersey." On April 7th, 1873, the company adopted a resolution that every bridge rebuilt and every new bridge, whether built by the company or by any other authority, over the canal, should be of the height above stated.

This regulation seems to us to be within the power delegated by the charter. Evidently, immovable bridges across the canal might be placed so near the surface of the water as to destroy the utility of the canal, and the legislature therefore intended to give to the corporation the right to prescribe their elevation, provided the rule adopted did not contravene the law of the land and was not unreasonable.

It is not suggested that any law is violated by the rule above mentioned, and we find nothing to indicate that its enforcement in the present instance would be unreasonable. The engineer employed by the defendant to prepare plans and specifications for the proposed bridge testifies that a proper bridge and proper approaches, giving the company the clearance specified, can easily be constructed, the only trouble being the raising of the grade of the street.

The trouble in raising the grade of the street, which the engineer had in mind, and which has been urged in argument before us, is that the grade is fixed by the authorities of Jersey

City, who may not consent to change it. But the defendants, empowered by law to build the bridge, are likewise empowered to construct the necessary approaches (*Freeholders of Sussex* v. *Strader*, 3 *Harr.* 108), and can, therefore, without the city's consent, alter the actual grade sufficiently to render access to the bridge safe and convenient.

The resolution of the defendant to erect a bridge below the prescribed height is illegal and must be set aside, with costs.